IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. *3:19cr23* |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD ADAM SCHREIBER, | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Maureen Sheehan-Balchon, Assistant United States Attorney for said district, and submits the following Indictment Memorandum to the Court.

## I. THE INDICTMENT

A Federal Grand Jury returned an eight-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy, from on about August 30, 2016, to on or about March 4, 2019. | 18 U.S.C. § 371 |
| 2 | Theft of government property, from on or about August 30, 2016, to on or about March 4, 2019. | 18 U.S.C. § 641 |
| 3 | Dealing in firearms without a license, from on or about August 1, 2017, to on or about March 4, 2019. | 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) |

1

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 4 | Possession/sale of stolen firearm or ammunition, from on or about August 30, 2016, to on or about March 4, 2019. | 18 U.S.C. §§ 922(j) and 924(a)(2) |
| 5 | False statement to agency of the United States, on or about February 27, 2019. | 18 U.S.C. § 1001(a)(2) |
| 6 | Receipt/Possession of firearm transferred in violation of National Firearms Act, from on or about August 10, 2017, to on or about March 4, 2019. | 26 U.S.C. §§ 5812, 5861(b), and 5871 |
| 7 | Receipt/Possession of unregistered firearm, from on or about August 10, 2017, to on or about March 4, 2019. | 26 U.S.C. §§ 5841, 5861(d), and 5871 |
| 8 | Transfer of firearm in violation of National Firearms Act, from on or about March 4, 2018, to on or about March 4, 2019. | 26 U.S.C. §§ 5812, 5861(e) and 5871 |

## II.  ELEMENTS OF THE OFFENSES

### A.    As to Count One:

In order for the crime of conspiracy, in violation of Title 18, United States Code, Section 371, to be established, the United States must prove, beyond a reasonable doubt, all of the following essential elements:

1.    That two or more persons agreed to commit an offense against the United States as charged in the Indictment;

2.    That the defendant was a party to or member of that agreement;

3.      That the defendant joined the agreement or conspiracy knowing of its objective to commit an offenses against the United States, and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit offenses against the United States; and

4.      That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

**B.      As to Count Two:**

In order for the crime of theft of government property, in violation of Title 18, United States Code, Section 641, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the money or property described in the Indictment belonged to an agency of the United States.

> United States v. McRee, 7 F.3d 976 (11th Cir. 1993); United States
> v. Maxwell, 588 F.2d 568 (7th Cir. 1978); United States v. Miller,
> 520 F.2d 1208 (9th Cir. 1975); United States v. Walker, 563 F.
> Supp. 805 (S.D. Iowa 1983).

2.      That the defendant embezzled, stole, purloined or knowingly converted to his own use the money or property as described in the Indictment, without authority to do so.

> Morrissette v. United States, 342 U.S. 246 (1952); United States v.
> Oliver, 238 F.3d 471 (3d Cir. 2001); United States v. Maisel, 12
> F.3d 423 (4th Cir. 1993); United States v. Aquilar, 967 F.2d 106
> (5th Cir. 1992); United States v. Fogel, 901 F.2d 23 (4th Cir.
> 1990); United States v. Hill, 835 F.2d 759 (10th Cir. 1987).

3

3.      That the stolen or converted money or property of the United States was valued in excess of $1,000.00.

> Apprendi v. New Jersey, 530 U.S. 466 (2000);
> United States v. McPhilomy, 270 F.3d 1302 (10th Cir. 2001);
> United States v. Robie, 166 F.3d 444 (2d Cir. 1999); United States
> v. Langston, 903 F.2d 1510 (11th Cir. 1990); United States v.
> Oberhardt, 887 F.2d 790 (7th Cir. 1989); United States v.
> Medrano, 836 F.2d 861, 864-865 (5th Cir. 1988).

**C.      As to Count Three:**

In order for the crime of dealing in firearms without a license, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant was engaged in the business of dealing in firearms;

2.      That the defendant was not a federally licensed firearms dealer; and

3.      That the defendant acted willfully.

> United States v. Palmieri, 21 F.3d 1265, 1268–70 & n. 4 (3d Cir.),
> vacated on other grounds, 513 U.S. 957, 115 S.Ct. 413, 130
> L.Ed.2d 329 (1994); United States v. Sanchez–Corcino, 85 F.3d
> 549, 554 (11th Cir.1996); United States v. Tyson, 653 F.3d 192,
> 200 (3d Cir. 2011).

**D.      As to Count Four:**

In order for the crime of possession or sale of stolen firearm or ammunition in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant knowingly possessed, received, concealed, stored, bartered, sold, disposed of, or pledged or accepted as security for a loan, a stolen firearm and/or stolen ammunition;

4

2.      Which had been shipped or transported from one state to another; and

3.      That the defendant knew or had reasonable cause to believe that the firearm and / or ammunition had been stolen.

Third Circuit Model Criminal Jury Instruction 6.18.922J comment (2007).

**E.      As to Count Five:**

In order for the crime of false statement to an agency of the United States in violation of Title 18, United States Code, Section 1001(a)(2) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant made a statement or representation.

United States v. Lange, 528 F.2d 1280 (5th Cir. 1976); United States v. London, 550 F.2d 206 (5th Cir. 1976); United States v. Adler, 380 F.2d 917 (2d Cir. 1967); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶36.01 (1989).

2.      That the statement or representation was false, fictitious or fraudulent.

United States v. Lange, 528 F.2d 1280 (5th Cir. 1976); United States v. Milton, 602 F.2d 231 (9th Cir. 1979); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶36.01 (1989).

3.      That the statement or representation was material.

Johl v. United States, 370 F.2d 174 (9th Cir. 1966); Brethauer v. United States, 333 F.2d 302 (8th Cir. 1964); Gonzales v. United States, 286 F.2d 118 (10th Cir. 1960); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶36.01 (1989).

4.      That the false, fictitious or fraudulent statement was made knowingly and willfully.

United States v. Yermian, 468 U.S. 63 (1984); United States v. West, 666 F.2d 16 (2d Cir. 1981); United States v. Miller, 658 F.2d

5

235 (4th Cir. 1981); <u>United States v. Mekjian</u>, 505 F.2d 1320 (5th Cir. 1975); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, <u>Modern Federal Jury Instructions</u>, ¶36.01 (1989).

5.     That the statement or representation was made in a matter within the jurisdiction of the executive, legislative or judicial branch of the Government of the United States.

<u>United States v. Yermian</u>, 468 U.S. 63 (1984); <u>United States v. Rodgers</u>, 466 U.S. 475 (1984); <u>United States v. Baker</u>, 626 F.2d 512 (5th Cir. 1980); <u>United States v. Stanford</u>, 589 F.2d 285 (7th Cir. 1978), <u>cert. denied</u>, 440 U.S. 983 (1979); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, <u>Modern Federal Jury Instructions</u>, ¶36.01 (1989); O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u>, §40.07 (2000).

**F.     As to Count Six:**

In order for the crime of receipt or possession of firearm transferred in violation of National Firearms Act in violation of Title 26, United States Code, Sections 5812, 5861(b) and 5871 to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant knowingly possessed a firearm;

2.     That this firearm was a National Firearms Act firearm;

3.     That the defendant knew of the characteristics of the firearm, that is, that it was a machinegun and/or silencer;

4.     That this firearm was transferred to him in violation of the National Firearms Act.

Third Circuit Model Criminal Jury Instruction 6.26.5861.

**G.     As to Count Seven:**

6

In order for the crime of receipt or possession of unregistered firearm in violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871 to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant knowingly possessed a firearm;

2.    That the defendant knew of the characteristics of the firearm, that is, that it is a silencer and/or a machinegun;

3.    That the firearm was in operating condition;

4.    That such firearm was not registered to the defendant in the National Firearms Registration and Transfer Record;

5.    It does not matter whether the defendant knew that the firearm was not registered or had to be registered.

Third Circuit Model Criminal Jury Instruction 6.26.5861 (2008);
Staples v. United States, 511 U.S. 600(1994).

**H.    As to Count Eight:**

In order for the crime of transfer of firearm in violation of National Firearms Act in violation of Title 26, United States Code, Sections 5812, 5861(e) and 5871 to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant knowingly transferred an NFA firearm;

2.    That the transfer was in violation of the National Firearms Act; and

3.    That the defendant knew of the characteristics of the firearm, that is, that it is a silencer and/or a machinegun.

Third Circuit Model Criminal Jury Instruction 6.26.5861 (2008);
Staples v. United States, 511 U.S. 600(1994).

### III.   PENALTIES

**A.      As to Count One: Conspiracy (18 U.S.C. § 371):**

1.      <u>Individuals</u> - The maximum penalties for individuals are:

(a)      A term of imprisonment of not more than 5 years (18 U.S.C. § 371);

(b)      A fine not more than the greater of;

(1)      $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(2)      an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c)      A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d)      Any or all of the above.

**B.      As to Count Two: Theft of government property (18 U.S.C. § 641):**

1.   <u>Individuals</u> – The maximum penalties for individuals are:

(a) A term of imprisonment of not more than ten (10) years (18 U.S.C. § 641);

(b) A fine of not more than greater of:

(1) $250,000 (18 U.S.C. §3571(b)(3));

<u>or</u>

(2) An alternative fine in an amount not more than the greater of twice the

8

gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

      (c) A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

      (d) Any or all of the above.

**C.**    **As to Count Three: Dealing in firearms without a license (18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D)):**

1. <u>Individuals</u> - The maximum penalties for individuals are:

      (a)    A term of imprisonment of not more than 5 years (18 U.S.C. § 924(a)(1)(D));

      (b)    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3));

      (c)    A term of supervised release of not more than one (1) year (18 U.S.C. § 3583);

      (d)    Any or all of the above.

**D.**    **As to Count Four: Possession/sale of stolen firearm or ammunition (18 U.S.C. §§ 922(j) and 924(a)(2)):**

1. <u>Individuals</u> – The maximum penalties for individuals are:

      (a) A term of imprisonment of not more than ten (10) years;

      (b) A fine of not more than $250,000 (18 U.S.C. § 3571(b));

      (c) Or both (18 U.S.C. § 924(a)(2)).

(d)      If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of up to three (3) years (18 U.S.C. § 3583(b)).

E.      **As to Count Five: False statement to agency of the United States (18 U.S.C. § 1001(a)(2)):**

1.  <u>Individuals</u> - The maximum penalties for individuals are:

(a)      A term of imprisonment of not more than 5 years (18 U.S.C. §1001);

(b)      A fine not more than the greater of;

(1)      $250,000 (18 U.S.C. §3571(b)(3));

<u>or</u>

(2)      an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. §3571(d));

(c)      A term of supervised release of not more than three (3) years (18 U.S.C. §3583);

(d)      Any or all of the above.

F.      **As to Count Six: Receipt/Possession of firearm transferred in violation of National Firearms Act (26 U.S.C. §§ 5812, 5861(b) and 5871):**

1.  <u>Individuals</u> - The maximum penalties for individuals are:

(a)   A term of imprisonment of not more than ten (10) years.   (26 U.S.C. § 5861(d));

10

(b)   A fine not more than $250,000 (18 U.S.C. § 3571(b)(3));

(c)   A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d)   Any or all of the above.

**G.     As to Count Seven: Receipt/Possession of unregistered firearm (26 U.S.C. §§ 5841, 5861(d) and 5871):**

1.   <u>Individuals</u> - The maximum penalties for individuals are:

(a)   A term of imprisonment of not more than ten (10) years.   (26 U.S.C. § 5861(d));

(b)   A fine not more than $250,000 (18 U.S.C. § 3571(b)(3));

(c)   A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d)   Any or all of the above.

**H.     As to Count Eight: Transfer of firearm in violation of National Firearms Act (26 U.S.C. §§ 5812, 5861(e) and 5871):**

1.   <u>Individuals</u> - The maximum penalties for individuals are:

(a)   A term of imprisonment of not more than ten (10) years.   (26 U.S.C. § 5861(d));

(b)   A fine not more than $250,000 (18 U.S.C. § 3571(b)(3));

(c)   A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d)   Any or all of the above.

11

## IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed for each

count of the Indictment for which the defendant is convicted, pursuant to 18 U.S.C.

§ 3013(a)(2)(A) as the offenses occurred after April 24, 1996.

## V.   RESTITUTION

Restitution is mandatory as part of the defendant's sentence,

pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii).

## VI.   FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

MAUREEN SHEEHAN-BALCHON
Assistant U.S. Attorney
PA ID No. 78059